**EMPLOYERS CASUALTY COMPANY,**
Appellant,

v.

**Linda WILSON, Appellee.**

No. 17399.

Court of Civil Appeals of Texas,
Fort Worth.

April 13, 1973.

Rehearing Denied May 11, 1973.

Second Rehearing Denied June 8, 1973.

Cantey, Hanger, Gooch, Cravens & Munn, and Richard L. Griffith, Fort Worth, for appellant.

Farrar & Claunch, and Jim Claunch, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The trial court overruled the plea of privilege filed by Employers Casualty Company and that defendant has appealed.

Linda Wilson, the plaintiff, had sued the insurance company praying for a declaratory judgment to the effect that an automobile insurance policy that defendant had issued to the plaintiff was in force and effect and provided her coverage on October 10, 1971, when her automobile sustained collision damage in a car wreck.

Her trial pleading (the third amended original petition) alleged in substance that: defendant had issued to plaintiff its policy No. C17513 which policy insured against loss to her car caused by collision (as well as affording other coverages which are not material here); that on September 14, 1971, she had mailed her check for the premium to defendant who had accepted and cashed the check; that thereafter on October 10, 1971, her car sustained collision damage when involved in a car wreck in Tarrant County, Texas; that the policy was in full force and effect at the time of the wreck; that she thereafter notified the defendant of the loss; that defendant had declared to plaintiff that the policy was not in force at the time of the collision and that it had been cancelled and on October 22, 1971, it sent plaintiff a check refunding the premium.

Plaintiff's petition contained no allegation as to the amount of money involved or as to the amount of damage that was done to her car.

Defendant's first point of error is that the court erred in overruling its plea of privilege as it was without jurisdiction in view of the fact that plaintiff failed to either plead or prove a monetary amount within the jurisdiction of the district court.

We overrule this point.

■ Jurisdiction of a court, as far as the amount in controversy is concerned, is a matter that is determined from the averments of the petition, and such allegations are conclusive and they control, unless the defendant files a plea in abatement or a plea to the jurisdiction urging that such allegations are fraudulently made. Sparkman v. First State Bank, 246 S.W. 724 (Fort Worth Civ.App., 1918, no writ hist.); Dwyer v. Bassett & Bassett, 63 Tex. 274 (Tex.Sup., 1885); Tidball v. Eichoff, 66 Tex. 58, 17 S.W. 263 (Tex.Sup., 1886); and Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129 (Tex.Com.App., 1936).

From the statement of the rule that we have just set out it is apparent, since no plea in abatement or plea to the jurisdiction is involved here, that the question presented is one that relates only to the sufficiency of the pleadings. The question as to what was proved at the venue hearing in this case, as to the amount in controversy, does not affect a decision of the point being discussed.

Rule 90, Texas Rules of Civil Procedure states: "Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by *motion or exception in writing* and brought to the attention of the Judge . . . in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; . . . ." (Emphasis ours.)

In this case the defendant failed to point out to the court by a *motion or an exception in writing* the fact that plaintiff's counsel had omitted an allegation as to the amount of money that was involved or in controversy in the case.

There is no question but what this omission was a defect of substance in plaintiff's

pleading. See Connor v. Collins, 378 S.W. 2d 133 (San Antonio Civ.App., 1964, writ dism.); Shaver v. Hughes, 214 S.W.2d 176 (Fort Worth Civ.App., 1948, no writ hist.); and Richardson v. First National Life Insurance Co., 419 S.W.2d 836 (Tex.Sup., 1967).

However, in every case that we have been able to find in which the defendant failed to point out to the trial court by an exception in writing or by a motion in writing the fact that the plaintiff's petition failed to allege facts showing that the amount in controversy was an amount within the jurisdiction of the court, the Texas Courts have held that the defect was waived because of Rule 90, T.R.C.P. See Erminger v. Daniel, 185 S.W.2d 148 (San Antonio Civ.App., 1945, ref., w. m.); Weisenberger v. Lone Star Gas Co., 257 S.W.2d 331 (Fort Worth Civ.App., 1953, writ dism.); Baker v. Highway Ins. Underwriters, 209 S.W.2d 979 (El Paso Civ.App., 1947, ref., n. r. e.); Litterst v. Edmonds, 176 S.W.2d 342 (Galveston Civ.App., 1943, ref., w. o. m.); and Texas Osage Co-Op. Royalty Pool v. Kemper, 170 S.W.2d 849 (Galveston Civ.App., 1943, writ ref.).

In this case the defendant actually did point out to the trial court the omission in plaintiff's pleadings that is complained of here. It was not pointed out, however, until defense counsel made his final argument in the case. He then pointed out, in his final oral argument to the trial court, the omission complained of.

■ Rule 90 also abolishes general demurrers. The purpose of the rule makers in making that rule effective was to further simplify our trial procedures by making it compulsory that one complaining of a defect in the other party's pleading point it out in writing by motion or exception. See the Litterst and Texas Osage Co-Op. Royalty Pool cases, supra. The enforcement of the rule also tends to prevent the outcome of litigation from being determined by technicalities and to prevent litigants from laying behind a log with a trap for the other party.

■ We hold that such oral notification in final argument was insufficient to comply with Rule 90, T.R.C.P., and that because of defendant's failure to point the defect out by motion or exception in writing, as is required by such rule, the defect in plaintiff's pleading was waived.

Defendant's contention in its point of error No. 2 is that the trial court erred in overruling its plea of privilege because that court had no jurisdiction of the case for the reason that plaintiff had failed to either plead or prove a justiciable controversy.

The third point of error is that the trial court erred in failing to dismiss the case for lack of jurisdiction. This third point is based on the proposition that the trial court did not have jurisdiction of the case for one or both of the reasons set out in its first and second points of error.

We overrule defendant's second and third points of error.

In the third paragraph of this opinion we have outlined the material allegations in plaintiff's trial pleading.

At the venue hearing the plaintiff offered evidence that tended to establish those allegations. The parties stipulated that the policy in evidence had been issued by defendant to the plaintiff and that it covered the period from May 13, 1971, to May 13, 1972. The plaintiff testified that she had paid the premium. The policy contained the following provision: "Coverage E—Collision. To pay for loss caused by collision to the owned automobile or to a non-owned automobile . . . ." The plaintiff testified that she and her car were on October 10, 1971, involved in a collision in Tarrant County, Texas, in which wreck her car was damaged. She testified that she notified the insurance company of the wreck and of her loss and asked them to pay for the damages, but that the defendant thereafter on October 22, 1971, mailed her a check pur-

porting to be a refund of the premium on the grounds that the policy had been cancelled and notified her that she had no coverage under the policy.

She then sued defendant for the declaratory judgment relief heretofore referred to.

■ We hold that under the record before us, as it is stated above, the plaintiff both pleaded and proved a justiciable controversy.

The questions before the court in this case are essential to the decision of an actual existing controversy and the relief sought is therefore not in the nature of an advisory opinion.

In support of this see Harris County Tax Assessor-Collector v. Reed, 210 S.W.2d 852 (Austin Civ.App., 1948, no writ hist.), where the court said: "Under the Declaratory Judgment Act it is only necessary that a justiciable, actual, real, and bona fide controversy exist. . . . no relief other than a declaratory judgment need be sought."

In Littlejohn v. Johnson, 332 S.W.2d 439 (Waco Civ.App., 1960, no writ hist.), the court said: "For a factual situation to constitute a 'justiciable controversy', there must be a real and substantial controversy involving a genuine conflict of tangible interests, rather than a theoretical one."

Such a controversy exists here with reference to the collision coverage. It is true that in plaintiff's pleading she alleged that the policy afforded, in addition to the collision coverage, coverage for medical payments incurred in treating injuries received in the wreck, coverage for liability insurance, and coverage for loss caused by an uninsured motorist. These matters have all become immaterial and have gone out of the case in so far as this venue phase is concerned. The evidence at the hearing showed that there was no policy coverage for the medical payments. There has been no proof that an uninsured motorist was involved in the collision with plaintiff, and there is no proof that anyone has sued the plaintiff for damages they sustained in the wreck. We will make no further mention of these matters since they are no longer involved in this appeal.

Defendant next contends that the trial court erred in overruling its plea of privilege (1) because no exception to exclusive venue in Dallas County has been shown to exist; (2) because there is no competent evidence and/or the evidence is insufficient to show the existence of the essential venue facts to establish venue in Tarrant County; (3) because a finding of the existence of essential venue facts under Subd. 23, Art. 1995, Vernon's Ann.Civ.St. would be against the great weight and preponderance of the evidence; and (4) there is no competent evidence and the evidence is insufficient to reflect the existence of the essential venue facts required by Subd. 23 of the statute. These contentions are made in defendant's points of error Nos. 4 through 7.

We hereby overrule all of those points.

■ The evidence showed that the plaintiff has lived in Tarrant County since 1970; that she purchased the policy of insurance in Tarrant County, and that the defendant's check was mailed to her in Tarrant County at the time she was advised by defendant that she had no coverage and that her policy had been cancelled. In reply to requests for admission the defendant admitted that defendant had an agency and a representative in Tarrant County on November 11, 1971. Defendant also admitted that it is a private corporation.

Subdivision 23, Art. 1995, V.A.C.S. provides in part that: "Suits against a private corporation . . . may be brought . . . in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation . . . has an agency or representative in such county . . . . ."

We hold that the plaintiff both pleaded and proved a cause of action against de-

fendant and that she offered evidence sufficient to establish each of the essential venue facts necessary to enable her to keep venue in Tarrant County under both of the parts of Subd. 23, Art. 1995, V.A.C.S. that we have quoted above.

The judgment is affirmed.

## OPINION

## ON MOTION FOR REHEARING

In its motion for rehearing Employers Casualty Company has pointed out that we failed in our opinion to indicate that we had considered its point of error No. 8.

That point was that the trial court erred in admitting the appellee's testimony as to damages over appellant's objection to the effect that such testimony was not supported by the pleadings.

We overrule the point. Appellee's trial pleading (third amended petition) among other things, alleged the following: (Paragraph 3) "On October 10, 1971, Plaintiff was involved in an automobile accident in Tarrant County, Texas . . . . (Paragraph 4) Linda Wilson filed suit against Vernon Lewis Cunningham and Marshall Womack for damages sustained by her in the automobile accident of October 10, 1971. . . . (Paragraph 5) Plaintiff therefore alleges that the policy of insurance issued by Defendant to Plaintiff had provisions which would cover collision loss to Plaintiff's automobile as occurred on October 10, 1971, . . . ."

Employers Casualty Company did not except to appellee's pleading just referred to.

We hold that the allegations referred to did, in the absence of exceptions, sufficiently allege that the appellee's car was damaged in the collision in question and that she was entitled under those pleadings to offer evidence showing such damage.

We have considered the motion for rehearing filed herein by Employers Casualty Company and hereby overrule it.