Craig L. AUSTIN, Appellant,

v.

**CITY OF SAN ANTONIO & Urban Renewal Agency, Appellees.**

No. 16709.

Court of Appeals of Texas,
San Antonio.

Feb. 17, 1982.

Rehearing Denied March 10, 1982.

Craig L. Austin, San Antonio, for appellant.

Phillip D. Hardberger, Hardberger & Herrera, Jackson C. Hubbard, Asst. City Atty., San Antonio, for appellees.

1. The agency is a governmental entity with eminent domain powers created pursuant to Tex.Rev.Civ.Stat.Ann. art. 1269*l*-3, § 16 (Vernon 1957).

Before CADENA, C. J., and BUTTS and CLARK, JJ.

## OPINION

CLARK, Justice.

This is an appeal from the denial of a petition for writ of mandamus.

Petitioner, an attorney, requested information from the Urban Renewal Agency of the City of San Antonio under the authority of Tex.Rev.Civ.Stat.Ann. 6252–17a (Supp. 1980), the Texas Open Records Act. When the agency refused his request, petitioner filed an application for writ of mandamus in the district court, seeking to compel the City of San Antonio to disclose the information. The agency, a creature of statute, was allowed to intervene.[1] The trial court denied the application after an evidentiary hearing, and petitioner perfected his appeal. In argument before this court petitioner stated that he has obtained the limited information that was in the possession of the City of San Antonio, and that he now seeks relief only against the agency.

Petitioner's open records act request called upon the agency to disclose to him "the amount of the initial offer made to the landowner in writing" by the agency in each of 21 condemnation cases. All 21 cases had been finally adjudicated in the County Court at Law of Bexar County when petitioner made his request, and none was the subject of pending litigation or settlement negotiations.

The agency refused petitioner's request on the ground that the information sought was exempt from disclosure under the act because it constituted "settlement negotiations" and "inter-agency or intra-agency memorandums or letters." On this appeal the agency argues that those two objections to disclosure are based upon the exceptions contained in sections 3(a)(1) and 3(a)(11) of the act.[2]

2. Sec. 3. (a) All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public dur-

■ Petitioner contends the agency's pleadings, which consisted of a general denial, were inadequate to raise any of the statutory exceptions as defensive issues. The agency, in turn, points out that petitioner's application for writ of mandamus was inadequate to support the granting of relief because it was not verified. While a petition for writ of mandamus should be verified, that requirement has been relaxed where, as here, there has been a full evidentiary hearing. *Pickard v. Castillo*, 550 S.W.2d 107 (Tex.Civ.App.—Corpus Christi 1977, no writ). And that defect may be waived, as it was in this case when the agency failed to raise the issue before the trial court. *Brown v. Reese*, 69 Tex. 589, 7 S.W. 489 (1888). Petitioner similarly failed to raise any issue in the trial court with respect to the adequacy of the agency's pleadings. We find, therefore, that any defects in the respective parties' pleadings were waived, and that the issues raised by the parties were tried by consent. *Employers Casualty Co. v. Wilson*, 495 S.W.2d 361 (Tex.Civ.App.—Ft. Worth 1973, no writ); *Triton Insurance Co. v. Garner*, 460 S.W.2d 262 (Tex.Civ.App.—Beaumont 1970, writ ref'd n. r. e.).

Petitioner urges that the agency's failure to follow the procedures specified in section 7(a) of the act gave rise to an irrebuttable presumption that the information sought is not exempt and rendered that information subject to release as a matter of law.[3] The agency contends that it was not required to seek a decision from the attorney general because its determination to deny disclosure was supported by existing attorney general's opinions on similar subjects and by judicial decisions concerning the confidentiality

of settlement negotiations. Because we deem the statutory exceptions invoked by the agency to be plainly inapplicable to the information withheld, we need not determine whether petitioner's proposed construction of section 7(a) is sound.

With respect to its reliance on the exception contained in section 3(a)(1) of the act, the agency first argues that "settlement negotiations" are "confidential" as a matter of public policy and well established legal principle. The only judicial decisions cited by the agency in support of that proposition, however, have to do with the familiar rule that unaccepted offers to purchase land are not competent evidence of land value in the trial of condemnation cases. *See, e.g., State v. Williams*, 357 S.W.2d 799 (Tex.Civ.App.—Texarkana 1962, writ ref'd n.r.e.). We are not concerned here with the rules of evidence for the trial of condemnation cases. Instead, the issue presented is whether section 3(a)(1) of the act permits a governmental agency to withhold as "confidential" the dollar amounts of its initial settlement offers after condemnation proceedings have been concluded, and the judicial decisions relied upon by the agency are inapposite.

The agency also asserts that its position is supported by attorney general's opinions, although it concedes there is none squarely in point. We note that in open records decisions on closely analogous issues, the attorney general has decided that the act mandates disclosure after the possibility of affecting negotiations is foreclosed. *See, e.g.,* Tex. Att'y Gen. Ord–234 (1980), in which the attorney general decided, with respect to plans, locations and cost esti-

---

ing normal business hours of any governmental body, with the following exceptions only:

(1) Information deemed confidential by law, either constitutional, statutory, or by judicial decision;

\*   \*   \*   \*   \*   \*

(11) Inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency;

**3.** Sec. 7(a) If a governmental body receives a written request for information which it con-

siders within one of the exceptions stated in Section 3 of this Act, but there has been no previous determination that it falls within one of the exceptions, the governmental body within a reasonable time, no later than ten days, after receiving a written request must request a decision from the attorney general to determine whether the information is within that exception. If a decision is not so requested, the information shall be presumed to be public information.

mates for a proposed reservoir and water line project for the City of Lubbock, that "[w]hen the transaction has been completed, all factual information relating to the project will become available to the public." The legislature having given the attorney general the specific duty of interpreting the act and aiding in its enforcement, his open records decisions are accorded considerable weight by the courts. *Houston Chronicle Publishing Company v. City of Houston*, 531 S.W.2d 177 (Tex.Civ.App.—Houston [14th District] 1975, writ ref'd n. r. e.).

The only other authority cited by the agency in support of its reliance upon section 3(a)(1) is "HUD Handbook 1376.1 (September 1979)," presumably a publication of the federal Department of Housing and Urban Development. Whatever legal force and effect that publication may enjoy, the provisions quoted therefrom by the agency state only that the records required to be maintained by the agency are not to be treated as public information *unless state law requires otherwise.* By its terms the Texas Open Records Act *does* require otherwise unless the information sought falls within one of the seventeen categories of exceptions enumerated in section 3(a). Even if the "HUD Handbook" provisions cited by the agency were shown to have the force and effect of law, the agency's argument that those provisions bar disclosure is circular, and we reject it.

■ We find no support for the agency's position with respect to section 3(a)(1) of the act, and we hold that under the circumstances of this case the information sought by petitioner is not excepted from disclosure by the provisions of that section of the act.

We consider next the applicability of section 3(a)(11) of the act. The agency argues in its brief that the initial offers made by it to landowners for the purchase of the properties in question are "intra-agency letters and memorandums which consist of advice and recommendations by employees of [the agency] to the Board of Commissioners . . . and thus excepted from disclosure under Section 3(a)(11) of the Act." In argument before this court, however, the agency conceded that petitioner's request could be answered by simply inscribing on a copy of petitioner's own letter, adjacent to each of the case numbers inquired about, the amount of the agency's initial offer in dollars and cents.

The exception contained in section 3(a)(11) is intended to protect from public disclosure advice and opinions on policy matters and to encourage frank and open discussion within the agency in connection with its decision-making processes. *See* Tex. Att'y Gen. Ord–222 (1979). Petitioner's request plainly calls for the disclosure of nothing but objective data, and we hold, therefore, that the information requested is not excepted from disclosure by the provisions of section 3(a)(11) of the act.

The legislative mandate of the act is strong and clear. It requires that information regarding the affairs of government and the official acts of those who serve the public be freely available to all, "unless otherwise expressly provided by law." Tex. Rev.Civ.Stat.Ann. art. 6252–17a, § 1 (Supp. 1980).

Having found that the exceptions invoked by the agency to defeat disclosure are inapplicable, and that petitioner has a clear right to the information requested, we reverse the judgment of the trial court and render judgment directing the agency to provide to petitioner the information sought by him.