**TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,**

v.

**James GILBREATH, Appellee.**

**No. 3–92–024–CV.**

Court of Appeals of Texas,
Austin.

Nov. 25, 1992.
Rehearing Overruled Dec. 23, 1992.

Dan Morales, Atty. Gen., Jennifer S. Riggs, Asst. Atty. Gen., Austin, for appellant.

Matthew L. Trevena, Law Offices of Lucius D. Bunton, Austin, for appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

KIDD, Justice.

The Texas Department of Public Safety ("the DPS") appeals the judgment of the trial court issuing a writ of mandamus ordering the DPS to produce certain information James Gilbreath requested under the authority of the Texas Open Records Act, Tex.Rev.Civ.Stat.Ann. art. 6252–17a (West Supp.1992)[1] ("the Act"). We will affirm the judgment of the trial court.

## STATUTORY AND PROCEDURAL BACKGROUND

This dispute requires this Court to interpret sections 3(a)(11) and 8(a) of the Act, which provide as follows:

Sec. 3. (a) All information collected, assembled, or maintained by or for governmental bodies ... in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only:

\* \* \* \* \* \*

(11) inter-agency or intra-agency memorandums or letters which would not be available by law to a party in litigation with the agency;

\* \* \* \* \* \*

Sec. 8. (a) If a governmental body refuses to request an attorney general's decision as provided in this Act, or to supply public information or information which the attorney general has deter-

---

1. All statutory references are to Tex.Rev.Civ. Stat.Ann. art. 6252–17a (West Supp.1992).

mined to be a public record, the person requesting the information or the attorney general may seek a writ of mandamus compelling the governmental body to make the information available for public inspection.

Art. 6252–17a, §§ 3(a)(11), 8(a).

The facts are not in dispute. On February 5, 1991, pursuant to the Act, James Gilbreath requested information from the Texas Department of Public Safety that it relied upon in not selecting Gilbreath for the position of Texas Ranger in November 1989 and November 1990. Gilbreath requested disclosure of all documents pertaining to his application, testing, interview and consideration for selection, including the subjective, narrative evaluations made specifically as a result of Gilbreath's oral interview. Through a letter dated February 15, 1991, the DPS provided a portion of the requested information, but told Gilbreath that it was withholding certain other information until it received an opinion from the Texas Attorney General's Office regarding whether the information was subject to disclosure.

On March 26, 1991, the attorney general issued an informal letter ruling, Texas Att'y Gen. OR91–149 (1991), advising the DPS that background evaluations and subjective evaluations of an applicant's performance before an interview board were exempt from disclosure under section 3(a)(11) ("Exemption 11") of the Act, and that the test questions used by the DPS in its evaluation of Texas Ranger candidates were exempt from disclosure under section 3(a)(22).[2] Accordingly, the DPS declined to release the remainder of the requested information.

Dissatisfied with the attorney general's determination, on May 2, 1991, Gilbreath sought a writ of mandamus pursuant to section 8(a) of the Act to compel disclosure of the withheld information. Gilbreath sought the subjective evaluations that were completed during his oral interviews and any background evaluations that the DPS

relied upon during the interviews. Gilbreath also sought recovery of his costs and reasonable attorney's fees.

The DPS opposed issuance of the writ. It argued that the trial court lacked jurisdiction over the dispute because Gilbreath had no statutory authority to file suit. Furthermore, the DPS asserted that mandamus would be an improper remedy because it had neither violated a clear legal duty to release the information nor abused its discretion in refusing to supply the information. The case was tried before the trial court on stipulated facts. Significantly, stipulated fact seven stated: "[i]f the Department of Public Safety were involved in civil litigation over James Gilbreath's application, the information withheld would be available through civil discovery." The parties also stipulated to the amount of reasonable attorney's fees recoverable if Gilbreath prevailed on his petition.

After reviewing the entire record, the trial court found that Gilbreath had exhausted his administrative remedies under the Act and that the DPS had failed to supply public information. The court found this action to be a violation of the agency's clear duty to produce the information pursuant to the Act. Therefore, the trial court issued a writ of mandamus ordering the DPS to disclose the withheld information and to pay Gilbreath's reasonable attorney's fees. The DPS appeals the order of the trial court.

## DISCUSSION

The DPS brings three points of error. First, it challenges the jurisdiction of the trial court and asserts the trial court had no authority to issue a writ of mandamus in this dispute. Second, the DPS contends that, even if the trial court had authority to issue the writ, mandamus was not proper because the agency did not violate a "clear duty" imposed by law or abuse its discretion in relying on the attorney general's open records decision. Third, it maintains

---

2. The test questions were not sought by mandamus, and thus the DPS's nondisclosure of these

questions is not an issue on appeal.

that the trial court's interpretation of Exemption 11 is flawed.

In its first point of error, the DPS challenges the trial court's jurisdiction and claims the Act does not authorize mandamus when the attorney general has ruled the information is not a public record. The DPS contends that once the attorney general makes a decision as to the classification of information under the Act, that decision may not be challenged in a court of law. We disagree.

■ Section 8(a) confers upon the trial court authority to issue a writ of mandamus in three circumstances: where a governmental body (1) refuses to request an attorney general's decision as to whether information is public record, (2) refuses to supply public information, or (3) refuses to supply information that the attorney general has determined to be a public record. Art. 6252–17a, § 8(a). The fact that the attorney general determined this information was not a public record did not preclude Gilbreath from seeking a trial court's determination as to whether the information sought was public information within the meaning of section 3(a). Although it may appear that the terms "public information" and "public record" are interchangeable, they have distinct meanings. *City of Houston v. Houston Chronicle Publishing Co.*, 673 S.W.2d 316, 322–23 (Tex.App.—Houston [1st Dist.] 1984, no writ).

■ A person seeking disclosure of information usually begins the process by requesting the information from the governmental body directly. If it is public information or information that the attorney general has previously determined to be a public record, the governmental body must disclose it. If the agency refuses to do so, the person requesting the information may initiate a mandamus proceeding to compel disclosure.

■ Where there is a dispute as to the nature of the information, the person seeking disclosure has two alternatives. He may either compel the governmental body to request an open records decision from the attorney general or he may simply seek disclosure of the information that he believes is public information through a mandamus proceeding in a court of law. If the latter form of relief is sought, the trial court determines whether the information requested is public information subject to disclosure under the Act. As we read the statute, there is no requirement that the attorney general issue an open records decision before a person may seek a mandamus to compel the disclosure of public information.

■ If the agency has requested an open records decision (on its own initiative or because of a mandamus proceeding) and the attorney general decides that the information is a public record, the agency must disclose the information. However, if the attorney general decides that the information is not a public record, the person seeking such information is not precluded from petitioning the court for a writ of mandamus. In such a case, the person may seek a judicial proceeding to determine whether the information is subject to disclosure. *See, e.g., Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177 (Tex.Civ.App.—Houston [14th Dist.] 1975), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex.1976). That was the situation in which Gilbreath found himself, and thus it was proper for him to petition for a writ of mandamus.

■ Having determined that Gilbreath's mandamus proceeding is proper, we are asked to address the argument that Gilbreath's suit constitutes an appeal of an adverse attorney general open records decision, and that such an appeal is prohibited. The DPS maintains that section 8(a) does not authorize a private citizen to file suit to compel disclosure of information that the attorney general has determined is *not* a public record. We disagree. Under such an interpretation of the Act, an adverse attorney general's decision would never be subject to judicial review. We believe the clear legislative intent of the Act reflects a contrary view. Just as the refusal of the attorney general to render a decision under the Act is subject to review by the courts, *Houston Chronicle Publishing Co. v. Mat-*

*tox,* 767 S.W.2d 695, 698 (Tex.1989, orig. proceeding), once the attorney general renders a decision under the Act, that decision is also subject to judicial review.

 Gilbreath sought mandamus to compel the DPS to disclose information he considered to be public within the meaning of the Act. Because he has the right to do this pursuant to section 8(a), we overrule point of error one.

In its third point of error, the DPS contends the trial court erred in its interpretation of the Act, specifically Exemption 11. The DPS is of the opinion that Exemption 11 is independent of the rules of civil discovery and although a record might be discoverable in civil litigation it might not be subject to disclosure under the Act. Consequently, the DPS stipulated that if it was in litigation with Gilbreath the information would be discoverable.

 Section 3(a) provides that all information in the possession of a governmental agency is public information unless specifically exempted from disclosure. As such, when a person requests information from a governmental body, it *must* supply the information unless one of the twenty-three specific exemptions provided in section 3(a) exempts the information from disclosure. Art. 6252–17a, § 3(a).

 In its informal letter ruling to the DPS, the attorney general's office stated that it considered the information at issue to be protected from disclosure solely under Exemption 11. While such opinions are to be given great weight, they are not binding upon a court of law. *Houston Indep. Sch. Dist. v. Houston Chronicle Publishing Co.,* 798 S.W.2d 580, 588 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

 Exemption 11 exempts from public disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party in litigation with the agency." Art. 6252–17a,

§ 3(a)(11). This exemption is intended to protect advice and opinions on policy matters and to encourage frank and open discussion within the agency in connection with its decision-making processes. *Austin v. City of San Antonio,* 630 S.W.2d 391, 394 (Tex.Civ.App.—San Antonio 1982, writ ref'd n.r.e.). However, the exemption is not an absolute shield. Exemption 11 is to be construed in light of the Act's mandate that information regarding the affairs of government and the official acts of those who serve the public be freely available to all. Art. 6252–17a, § 1; *Austin,* 630 S.W.2d at 394.

 Exemption 11 is modeled after section 552(b)(5) ("Exemption 5") of the federal Freedom of Information Act, which protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1988).[3] Exemption 5 incorporates what is referred to in federal civil discovery practice as the "deliberative process privilege." *See Dow Jones & Co. v. Department of Justice,* 917 F.2d 571, 573 (D.C.Cir.1990). The attorney general has consistently interpreted Exemption 11 of the Act to parallel federal Exemption 5, Op.Tex.Att'y Gen. No. H–436 (1974), and the DPS asks this Court to interpret Exemption 11 in the same manner. When the legislature adopts a statute from another jurisdiction it is presumed that the legislature intended to adopt the settled construction given to the statute by the courts of that jurisdiction. *State v. Wiess,* 141 Tex. 303, 171 S.W.2d 848 (1943). That presumption also applies when the state adopts a federal statute. *Eckerdt v. Frostex Foods, Inc.,* 802 S.W.2d 70, 72 (Tex.App.—Austin 1990, no writ).

 Federal Exemption 5 contemplates that public access to inter-agency and intra-agency memoranda and letters will be governed by "the same flexible, common-sense approach" that governs discovery of such

---

**3.** As originally adopted, state Exemption 11 protected "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency." Acts 1973, 63rd Leg., ch. 424, p. 1112. In 1989, the Texas Legislature revised the exemption to its present form by eliminating the phrase "other than one."

documents by private parties involved in litigation with governmental bodies. *Environmental Protection Agency v. Mink*, 410 U.S. 73, 85–86, 93 S.Ct. 827, 835, 35 L.Ed.2d 119 (1973). The United States Supreme Court has described the interrelationship between the federal exemption and the civil discovery process as follows:

> Since virtually any document not privileged may be discovered by the appropriate litigant, if it is relevant to his litigation, and since the [Freedom of Information] Act clearly intended to give any member of the public as much right to disclosure as one with a special interest therein [citations omitted], it is reasonable to construe Exemption 5 to exempt those documents, *and only those documents*, normally privileged in the civil discovery context.

*National Labor Relations Bd. v. Sears Roebuck, Inc.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1979) (emphasis added). However, over the years various federal courts, including the United States Supreme Court, have engrafted new exceptions upon Exemption 5. Through these decisions, the federal courts have limited the scope of the Freedom of Information Act.[4] We decline to narrow the scope of the Texas Open Records Act. Exemption 11 exempts those documents, and only those documents, normally privileged in the civil discovery context. The language of Exemption 11 is clear and unambiguous, and we will not read into the statute language that is not textually present.

The parties stipulated that, if they were in litigation, the information at issue would be discoverable. By so stipulating, the DPS has admitted that there is no privilege, including a deliberative process privilege, which protects the information from discovery. In other words, these interagency or intra-agency memorandums or letters would be available by law to a party in litigation with the agency. Thus, Exemption 11 does not apply, and the information is "public information" as a matter of law. Accordingly, it is subject to disclosure. The policy behind the Act, stated twice therein, that the statute should be "liberally construed" in favor of disclosure supports this conclusion. Art. 6252–17a, §§ 1, 14(d). Accordingly, we overrule point of error three.

■■■■ Finally, in its second point of error, the DPS maintains that even if the trial court has the authority to issue a writ of mandamus, it was issued improperly in this case. The DPS contends that it has neither violated a "clear duty" imposed by law nor abused its discretion in relying on and following the attorney general's open records decision. We think this argument misses the mark. The DPS argues that Gilbreath must meet the requirements for a common law writ of mandamus. In a common law cause of action, there are three requisites to a mandamus: a legal duty to perform a non-discretionary act, a demand for performance of the act, and a refusal to perform. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex.1979, orig. proceeding). However, section 8(a) creates a *statutory* writ of mandamus under which a requesting party need only show that the governmental body has not complied with the Act in order to obtain mandamus. Rules applicable to common law writs of mandamus may be helpful to determine whether the agency has complied with the statute, but they are not dispositive. Section 8 must be viewed in light of the legislative purpose and the statute's overall scheme. *Industrial Found. of the South v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 674 (Tex.1976), *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). While the equities of an ordinary mandamus case are not at issue in an open records mandamus action, the trial court may exercise equitable discretion to issue a writ of mandamus where mandamus would further the overall scheme of the Act. Under the Act, the DPS is required to supply public information to any person who may

---

4. Currently under the federal Freedom of Information Act, if a document would be "routinely" or "normally" discoverable upon a showing of relevance, it is not protected from disclosure by federal Exemption 5. *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12, 108 S.Ct. 1606, 1613, 100 L.Ed.2d 1 (1988).

request such information. The trial court determined that the requested documents were public information under the Act. The failure of a governmental body to provide public information is a clear violation of a duty imposed by the Act and, therefore, statutory mandamus is an appropriate remedy. *City of Houston*, 673 S.W.2d at 320. We overrule point of error two.

The judgment of the trial court is affirmed in all respects.