Tenant Tracker v. Department of Public Safety 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00597-CV







Tenant Tracker, Inc., Appellant




v.




James R. Wilson, Director, and Texas Department


of Public Safety, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 94-15191, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING








 Appellant Tenant Tracker, Inc. sued the Texas Department of Public Safety and its director
James R. Wilson, in his official capacity, (collectively "the Department") seeking a writ of mandamus to
require the Department to release information about adjudications pursuant to the Open Records Act, Tex.
Gov't Code. Ann. §§ 552.001-.353 (West 1994 & Supp. 1996). (1) See Tex. Gov't Code Ann. § 24.011
(West 1988). The trial court denied Tenant Tracker's request for mandamus. On appeal, Tenant Tracker
argues in a single point of error that the Open Records Act gives it an absolute right to the information
sought. We will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 Because the record in this appeal does not contain a statement of facts, the factual and
procedural background described below is gleaned from the pleadings and the parties' briefs. The
Department is responsible for maintaining a computerized data base of criminal history record information. 
Tex. Code Crim. Proc. Ann. art. 60.02 (West Supp. 1996). Criminal history record information is
"information collected about a person by a criminal justice agency that consists of identifiable descriptions
and notations of arrests, detentions, indictments, informations, and other formal criminal charges and their
dispositions." Tex. Gov't Code Ann. § 411.082 (West Pamph. 1996). The Department may not disclose
an individual's criminal history record if the record is protected by state or federal regulation. Tex. Code
Crim. Proc. Ann. art. 60.03 (West Pamph. 1996). Section 411.083 of the Government Code provides
that criminal history record information maintained by the Department is confidential information for the use
of the Department and may not be disseminated by the Department unless a requesting party fits within a
listed exception. Tex. Gov't Code Ann. § 411.083 (West Pamph. 1996).

 On October 10, 1994, Tenant Tracker requested the Department to release records of
the following information:



All information described in section 22(12) of the Open Records Act: "final opinions,
including . . . orders issued in the adjudication of cases," [] collected, assembled, and/or
maintained by the Department of Public Safety (DPS), including conviction data. We are
not seeking any particular class of such information; we seek all orders issued in the
adjudication of cases.



On October 19, 1994, the Department responded that it does not collect final opinions or orders issued
in the adjudication of cases. After some further correspondence between the parties, the Department
informed Tenant Tracker that the requested information was confidential. Tenant Tracker responded with
a demand for immediate compliance. The Department requested an open records decision from the Office
of the Attorney General, but before it was received, (2) Tenant Tracker filed suit in district court seeking a
writ of mandamus compelling the Department to release the requested information and a declaratory
judgment that the requested information was public. The trial court denied Tenant Tracker's request for
mandamus, ruling that the Department could withhold the information contained in the criminal history
records; without expressly addressing the declaratory relief, the court denied all relief not specifically
granted.



DISCUSSION


 The issue Tenant Tracker attempts to present for our review is whether the trial court erred
in determining that the adjudication records sought by Tenant Tracker, which are contained within the
criminal history records, are confidential and not subject to disclosure under section 552.022 of the Open
Records Act. This issue is not one that can be decided in the abstract, because the factual underpinnings
on which the trial court made its decision are essential to our review. Because appellant has failed to
provide this Court with a statement of facts, however, we have no evidence of what those factual
underpinnings were. We have only the parties' pleadings and briefs, none of which is evidence. See
Sabine Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d 840, 841 (Tex. 1979); Carlisle v.
Philip Morris, Inc., 805 S.W.2d 498, 501 (Tex. App.Austin 1991, writ denied); NBS Southern, Inc.
v. Mail Box, Inc., 772 S.W.2d 470, 471-72 (Tex. App.Dallas 1989, writ denied).

 To obtain a writ of mandamus in the present case, Tenant Tracker had to show that the
Department did not comply with the Open Records Act. See Texas Dep't of Public Safety v. Gilbreath,
842 S.W.2d 408, 413 (Tex. App.Austin 1992, no writ). Thus, Tenant Tracker had to prove that it made
a proper request for public information, which the Department improperly refused. The record on appeal
consists solely of the transcript, which includes the pleadings and the trial court's orders. The transcript
indicates that the trial court heard and considered evidence before denying the writ.

 Tenant Tracker has failed to provide this Court with a statement of facts, and thus has failed
to fulfil its burden of presenting a sufficient record to show error requiring reversal. See Kwik Wash
Laundries, Inc. v. McIntyre, 840 S.W.2d 739, 741-42 (Tex. App.Austin 1992, no writ); Tex. R. App.
P. 50 (a), (d). We are unable to review the trial court's ruling without the ability to examine the evidence
that was considered in making the challenged ruling. In the absence of a proper statement of facts, we must
presume that the omitted evidence supports the trial court's judgment. See Schafer v. Conner, 813
S.W.2d 154, 155 (Tex. 1991); Englander Co. v. Kennedy, 428 S.W.2d 806, 806 (Tex. 1968). We
overrule Tenant Tracker's point of error.



CONCLUSION


 We affirm the trial court's judgment.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: September 11, 1996

Do Not Publish

1.   The Texas Open Record Act has since been amended and retitled the Public Information
Act. 
2.   Tenant Tracker was not required to wait for such a decision before seeking redress in
court under the Open Records Act. Texas Dep't of Pub. Safety v. Gilbreath, 842 S.W.2d 408,
411 (Tex. App.Austin 1992, no writ).


19, 1994, the Department responded that it does not collect final opinions or orders issued
in the adjudication of cases. After some further correspondence between the parties, the Department
informed Tenant Tracker th