Affirmed and Majority and Dissenting Opinions filed January 8, 2008








Affirmed and
Majority and Dissenting
Opinions filed January 8, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00621-CV

____________

 

GLORIA CELESTE LOVING, Appellant

 

V.

 

CITY OF HOUSTON, Appellee

 



 

On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 2006-48945

 



 

D I S S E N T I N G   O P I N I O N

This court should reverse and remand this case because
appellee, the City of Houston  has not demonstrated that it met the burden of
proof required to show that the requested information, an incident report, is
excepted from disclosure under section 552.101 of the Texas Government Code. 








Under the Texas Public Information Act, confidential
information may be excepted from disclosure by law or by judicial decision.[1] 
A governmental body, such as the City, seeking to withhold information under
the Act must establish that the requested information is not subject to the Act
or is excepted from disclosure.[2]

The City has asserted that the incident report in question Aconcern[s] a
child,@ and is excepted
from disclosure under section 58.007(c) of the Texas Family Code.  However, the
City did not furnish the incident report as summary judgment evidence to
demonstrate that the report Aconcern[ed] a child,@ under section
58.007(c) of the Texas Family Code.  Rather, in support of its motion for
summary judgment, the City attached two opinion rulings from the Attorney
General=s office and
correspondence between the parties and the Attorney General=s office.  In the
two opinion rulings, the Attorney General advised the City that the requested
information warranted confidentiality under Family Code section 58.007(c) based
on assertions made by the City that such information involved a juvenile.  The
Attorney General advised the City to withhold the information sought, as
required by section 552.101 of the Texas Government Code.  In one letter, in response
to appellant Gloria Celeste Loving=s assertions that
the requested information involved both a non-juvenile and a juvenile co-actor
who was certified as an adult, the Attorney General replied, A[T]his office
cannot resolve disputes of fact in the open records process, and therefore, we
must rely on the representations of the governmental body requesting our
opinion, as we did in the two prior rulings.@








The appellate record does not contain the requested
incident report at issue.  This court, as a reviewing court, cannot determine
if the requested information concerns a child, as contemplated by section
58.007(c) of the Family Code, without the ability to review the requested
incident report.  Therefore, this court should not reach the merits of whether
the information in dispute falls within the confidentiality exception to the
Texas Public Information Act. 

The majority acknowledges that it has not reviewed the
incident report in question.[3] 
The majority observes that the parties do not dispute that the requested
incident report concerns an investigation pertaining to a juvenile, Torres,
who, at the time of the investigation, met the definition of a Achild@ as defined by
section 51.02(2) of the Family Code.[4] 
The parties also do not dispute that Torres was certified and tried as an
adult.  Therefore, as a matter of law, a question remains as to whether the
records of a juvenile, who has been certified and tried as an adult, concern a
child and are to be withheld and excepted from disclosure.[5]








The majority examines the legislative history of former
Family Code section 51.14(d), the predecessor of current Family Code section
58.007, which provided in relevant part, A[E]xcept for files and records
relating to a charge for which a child is transferred under section 54.02 of
this code to a criminal court for prosecution, the law-enforcement files and
records are not open to public inspection nor may their contents be disclosed
to the public . . . .@[6]  The majority
concludes that because section 51.14 was repealed by the legislature in section
58.007, then the section 51.14 language, which arguably would have excepted the
incident report in this case, was excluded for a reason and is no longer
applicable law.[7]
However, this court=s analysis in incomplete as applied to the
facts of this case.

Under Texas Government Code section 552.101, information
may be excepted from disclosure by law or by judicial decision.[8] 
Because Family Code section 51.14 was repealed by section 58.007, and is no
longer applicable law, unless there is a statute excepting disclosure of the
incident report at issue, this report may be excepted from disclosure only by
judicial decision.[9] 
The trial court has authority to determine whether the requested information
pertained to a juvenile, under Family Code section 58.007, and, therefore, was
subject to withholding or disclosure under Government Code section 552.101.[10] 
In this case, no judicial decision exists as to whether records of a juvenile
who was certified and tried as an adult are subject to disclosure.  








Because the City did not proffer the incident report, the
City did not meet the burden of proving that the incident report is excepted
from disclosure by application of Family Code section 58.007(c).[11] 
The City did not provide the requested incident report as summary judgment
evidence, even for in-camera review.  Therefore, the trial court was in no
position to determine whether the information Aconcern[ed] a
child@ under the Family
Code.[12] 
Because the summary judgment evidence did not prove as a matter of law that the
incident report is excepted from disclosure under section 58.007 of the Texas
Family Code, the trial court erred in granting summary judgment.  Likewise, on
the record before us, this court=s review is
improper without the opportunity to examine the incident report.  Under the
procedural regime proposed in the majority=s analysis, the
Attorney General=s office may  determine whether documents
are excepted from disclosure under the Texas Public Information Act, without
any judicial review and without reviewing the documents in question.  This
regime violates section 552.101 of the Government Code, providing exceptions to
disclosure only by law or judicial decision.

For the foregoing reasons, this court should not reach the
merits of whether the incident report fits within the confidentiality
exception.  Given that the summary judgment evidence does not prove as a matter
of law that the incident report is excepted from disclosure, this court should
reverse and remand.  Because the court does not do so, I respectfully dissent.

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of Justices Anderson and Frost, and Senior
Justice Hudson.*
(Anderson, J., majority).

 









[1]  See Tex. Gov=t Code Ann. ' 552.101 (Vernon 2004 & Supp. 2008).





[2]  Abbott v. N. E. Indep. Sch. Dist., 212 S.W.3d 364, 367 (Tex. App.CAustin 2006, no pet.) (noting that
burden falls on governmental body seeking to withhold information to prove that
the information is not subject to the Texas Public Information Act or is
excepted from disclosure).





[3]  See ante at p. 5.





[4]  See Tex. Fam. Code Ann. ' 51.02(2) (Vernon Supp. 2008)
(defining a Achild@ as Aa person who is (A) ten years of age or older and under 17 years of
age; or (B) seventeen years of age or older and under 18 years of age who is
alleged to have engaged in delinquent conduct or conduct indicating a need for
supervision as a result of acts committed before becoming 17 years of age@). 





[5]  See A & T Consultants v. Sharp, 904
S.W.2d 668, 674 (Tex. 1995) (concluding that a determination of whether
information is subject to the Texas Public Information Act and whether an
exception to disclosure applies are questions of law).





[6]  See Act of June 9, 1993, 73rd Leg., R.S., ch.
461, ' 2, sec. 3, 1993 Tex. Gen. Laws 1850, 1852, repealed
by Act of June 1, 1995, 74th Leg., R.S., ch. 262, ' 98, sec. 100(a), 1995 Tex. Gen. Laws 2517, 2590
(codified at Tex. Fam. Code Ann. ' 58.007).





[7]  See ante at p. 6.





[8]  See Tex. Gov=t Code Ann. ' 552.101.





[9]  See id.





[10]  See Tex. Dep=t of Pub. Safety v. Gilbreath, 842 S.W.2d 408, 411 (Tex. App.CAustin 1992, no pet.) (providing
that the trial court shall determine whether the information sought is public
information subject to disclosure); see also Tex. Gov=t Code Ann. ' 552.321(a) (Vernon 2004).





[11]  See Abbott,
212 S.W.3d at 367.





[12]  See id.





*  Senior Justice J. Harvey Hudson sitting by
assignment.