**Affirmed and Memorandum Opinion filed May 19, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00289-CV

---

**OGOCHUKWU J. OKWO, Appellant**

**V.**

**HARRIS COUNTY DISTRICT ATTORNEY, Appellee**

---

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Cause No. 2013-75102**

---

## M E M O R A N D U M   O P I N I O N

Ogochukwu J. Okwo appeals the trial court's grant of summary judgment in favor of the Harris County District Attorney. We affirm.

### BACKGROUND

Okwo was charged with assault of a family member in 2009. Okwo pleaded guilty and was placed on deferred adjudication community supervision. Okwo

successfully completed deferred adjudication and the criminal proceedings were dismissed in 2011.

Okwo called the District Attorney's Office in March 2013, seeking information regarding his criminal file. Okwo spoke with an assistant district attorney and orally requested a copy of his criminal file. The assistant district attorney agreed to produce the non-confidential, non-privileged portions of the file. Six days later, the District Attorney's Office produced documents to Okwo that were responsive to his oral request. In the cover letter transmitting the documents, the District Attorney's Office stated: "Certain information believed to be confidential under State or Federal law or otherwise excepted from disclosure under the Texas Public Information Act has been withheld or redacted from this production."

Okwo sent an email on March 26, 2013, thanking the District Attorney's Office for "the prompt manner in which [it] acceded to [Okwo's] informal request." Okwo also noted that he had not seen any transcript of a conversation or interview with the complainant in his case in the documents that had been produced. Okwo inquired whether such an interview had taken place, and, if so, whether a transcript of the interview was one of the withheld documents. The District Attorney's Office responded that, to the extent it speaks with a complaining witness and prepares notes or a transcript of that conversation, such notes or transcripts constitute prosecutorial work product and would have been withheld from the production. Okwo responded, "Thanks," and did not pursue the issue further at that time.

More than five months later, Okwo sent the District Attorney a written request on August 29, 2013, seeking (1) complainant's written statement to the District Attorney or the prosecutors; (2) a transcript of any telephone conversations

between the District Attorney's Office and the complainant during a specified time period; and (3) the investigation report of the complaint.

After receiving the written request, the District Attorney's Office called Okwo seeking clarification because Okwo's request appeared to identify information Okwo previously had requested informally. Okwo stated that he was not in a position to provide the requested clarification at that time due to fatigue. Accordingly, the District Attorney's Office sent a letter to Okwo the next day requesting Okwo to clarify whether he was (1) requesting new information not previously sought, and, if so, what specific information he was seeking; (2) formally requesting the same information previously sought to require the District Attorney's Office to obtain a determination from the Texas Attorney General as to whether the requested information was excepted from required disclosure; or (3) merely duplicating his previous informal request. *See* Tex. Gov't Code Ann. §§ 552.222(b) (Vernon Supp. 2015) (allowing governmental body to seek clarification concerning unclear request), 552.301(a) (Vernon 2012) (requiring governmental body that receives a written request for information it wishes to withhold to seek attorney general's decision regarding whether requested information falls within exception).

Okwo clarified that he was formally requesting the same information previously sought in an informal context, so as to require the District Attorney's Office to obtain a decision from the Attorney General.

Three days after receiving Okwo's clarification, the District Attorney's Office sought an opinion from the Attorney General as to whether the first two categories of information Okwo requested were subject to an exception to disclosure. Regarding Okwo's request for the investigation report of the complaint, the District Attorney's Office produced responsive documents to Okwo.

3

The Attorney General issued its ruling in December 2013, and concluded that the withheld information — which the opinion described as "handwritten notes prepared by the prosecutor for this case, notes from an interview conducted by a social worker at the direction of the prosecutor, and a protective order application[1] filed with the district attorney's office which was completed jointly by the complainant and an interviewer with the district attorney's office" — was excepted from disclosure pursuant to Texas Government Code section 552.108(a)(4).[2]

After the adverse ruling, Okwo filed a petition for writ of mandamus in Harris County District Court seeking to compel the production of the withheld information.[3]

Okwo and the District Attorney both filed traditional motions for summary judgment. The trial court signed a final judgment granting the District Attorney's motion for summary judgment on March 12, 2015, and this appeal ensued.

---

[1] During the pendency of the criminal proceedings, the District Attorney filed an application for protective order against Okwo on behalf of the complainant in the case. The trial court subsequently issued a final protective order against Okwo. Because the protective order was premised on the same conduct that formed the basis of Okwo's criminal prosecution, the District Attorney contended that any information obtained for purposes of seeking the protective order also fell within the prosecutorial work product exemption.

[2] Information held by a prosecutor that deals with the detection, investigation, or prosecution of a crime is excepted from disclosure under the Public Information Act if the information "is prepared by an attorney representing the state in anticipation of or in the course of preparing for criminal litigation" or "reflects the mental impressions or legal reasoning of an attorney representing the state." *See* Tex. Gov't Code Ann. § 552.108(a)(4) (Vernon 2012).

[3] An open records decision by the Texas Attorney General is subject to judicial review through a writ of mandamus filed in district court. *See Tex. Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 411-12 (Tex. App.—Austin 1992, no writ) ("[I]f the attorney general decides that the information is not a public record, the person seeking such information is not precluded from petitioning the court for a writ of mandamus. In such a case, the person may seek a judicial proceeding to determine whether the information is subject to disclosure."); *see also Thomas v. Cornyn*, 71 S.W.3d 473, 483 (Tex. App.—Austin 2002, no pet.) ("A requestor may bring a mandamus action regardless of whether an attorney general's opinion has been requested or despite the issuance of an adverse attorney general's opinion that favors the withholding of the information.").

## STANDARD OF REVIEW

We review the grant of summary judgment *de novo*. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015). When reviewing a summary judgment, we examine the record in the light most favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Traditional summary judgment is proper if the defendant (1) disproves at least one element of each of the plaintiff's claims, or (2) establishes all elements of an affirmative defense to each claim. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Cont'l Casing Corp. v. Siderca Corp.*, 38 S.W.3d 782, 787 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

When, as here, both parties file motions for summary judgment, we must review the summary judgment evidence presented by both sides, decide all questions presented, and render the judgment that the trial court should have rendered. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). Whether information is subject to the Public Information Act and whether an exception to disclosure applies to the information are questions of law that we review *de novo*. *Id.* at 357.

## ANALYSIS

Okwo challenges the trial court's grant of summary judgment against him in four issues. In three issues, Okwo contends that the District Attorney failed to comply with the Public Information Act. In the remaining issue, Okwo contends the trial court erred by concluding, as the Attorney General did, that the information withheld by the District Attorney was excepted from disclosure under the Public Information Act.

5

## I. Timeliness of Actions by District Attorney

### A. Okwo's Oral Request

In his first and fourth issues, Okwo contends that by voluntarily agreeing to release information pursuant to his initial oral request, the District Attorney assumed the obligation to seek an opinion from the Attorney General within 10 business days after the oral request if it sought to withhold any information from its voluntary production. The District Attorney did not seek an opinion from the Attorney General after Okwo's oral request, and Okwo contends it therefore was required to produce all requested documents absent a compelling reason for withholding them. Okwo contends the District Attorney did not demonstrate such a compelling reason.

"A governmental body that receives a written request for information that it wishes to withhold from public disclosure and that it considers to be within one of the exceptions under Subchapter C must ask for a decision from the attorney general about whether the information is within that exception if there has not been a previous determination about whether the information falls within one of the exceptions." Tex. Gov't Code Ann. § 552.301(a). A governmental body's request for a decision by the Attorney General must be made "within a reasonable time but not later than the 10th business day after the date of receiving the written request." Id. § 552.301(b). If a governmental body does not timely request an Attorney General decision, "the information requested in writing is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information." Id. § 552.302 (Vernon 2012).

As demonstrated by the unambiguous statutory language, a governmental body is required to ask for a decision from the Attorney General only if it receives a written request. See id. §§ 552.301(a) ("A governmental body that receives a

written request . . . ."), 552.302 (requiring disclosure absent compelling reason to withhold information that was "requested in writing"); *see also* Tex. Att'y Gen. OR2000-4309[4] ("[T]he duty to request a decision from this office as to whether information may properly be withheld under the Public Information Act does not arise until the governmental body receives a written request for the information."); Tex. Att'y Gen. OR1999-3128 ("There is no requirement to release information under the [Public Information] Act in the absence of a written request. . . . If such requests are not sent properly under section 552.301, they are not 'written requests,' and the application of the [Public Information] Act is not triggered.").

Okwo admits that his initial oral request did not trigger the application of the Public Information Act. Instead, Okwo contends that, by voluntarily responding to his request, the District Attorney triggered the application of the Act. We decline to hold that the District Attorney triggered application of the Public Information Act by voluntarily producing certain documents it was not otherwise required to produce. *See* Tex. Gov't Code Ann. § 552.007(a) (Vernon 2012) (noting that the Public Information Act "does not prohibit a governmental body . . . from voluntarily making *part* or all of its information available to the public, unless the disclosure is expressly prohibited by law or the information is confidential under law") (emphasis added); *see also* Tex. Att'y Gen. OR2004-2618 (concluding that oral request for information did not trigger attorney general's obligation to provide opinion, even though governmental body treated request as one made pursuant to the Public Information Act). Accordingly, we conclude the District Attorney was

---

[4] While the Attorney General's interpretation of the Public Information Act is persuasive, it is not controlling. *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010); *Houston Indep. Sch. Dist. v. Houston Chronicle Publ'g Co.*, 798 S.W.2d 580, 588 (Tex. App.—Houston [1st Dist.] 1990, writ denied).

not required to seek a ruling from the Attorney General based upon Okwo's initial oral request.

Because we conclude that the Public Information Act was not triggered by the District Attorney's voluntary partial production, we need not determine whether the District Attorney demonstrated a compelling reason for withholding the documents not produced in response to Okwo's oral request.

We also address Okwo's invitation that we construe his March 26, 2013 email response as a written request under the Public Information Act. After the District Attorney voluntarily produced documents in response to Okwo's oral request, Okwo sent the District Attorney's Office an email thanking it for "the prompt manner in which [it] acceded to [Okwo's] informal request," and asking the following questions:

> 1.      I understand it is somewhat customary for the District Attorney's Office to speak directly with a complainant in matters such as this complaint. Bearing in mind this background information, I checked but did not see any transcript of such conversation/interview with the complainant . . . . Or is it reasonable to infer that no such conversation/interview took place? Or is it one of the withheld documents?
>
> 2.      Please refer to the "Notice of Intention to Use Evidence of Prior Convictions and Extraneous Offenses" . . . . How did the District Attorney's Office come by these "prior extraneous offenses" in the unlikely event there is no conversation/interview with said [complainant]? Or is it withheld information as well?

In his email, Okwo seeks clarification only as to whether certain documents exist and were withheld — he does not request production of those documents. Accordingly, Okwo's March 26, 2013 email cannot be reasonably construed to be a written request for information sufficient to invoke the Public Information Act.

Okwo's first and fourth issues are overruled.

8

**B.     Okwo's Written Request**

Alternatively, Okwo contends in his third issue that the District Attorney's letter to Okwo was not a request for clarification made in good faith. Construing this point liberally, we interpret Okwo's argument to be that the alleged bad faith clarification request did not extend the 10-day deadline to request the Attorney General's ruling, and that the District Attorney therefore did not timely request an opinion from the Attorney General in response to Okwo's written request.

As discussed above, Okwo sent the District Attorney a written request for certain information on August 29, 2013. The District Attorney received Okwo's request on August 30, 2013.

The District Attorney's Office called Okwo on September 9, 2013 — five business days after receiving Okwo's letter[5] — seeking clarification regarding his formal request. Okwo declined to provide clarification at that time. Accordingly, the District Attorney's Office sent Okwo a letter the next day requesting Okwo to clarify whether he was (1) requesting new information not previously sought, and, if so, what specific information he was seeking; (2) formally requesting the same information previously sought in order to require the District Attorney's Office to obtain a determination from the Attorney General as to whether the requested information fell within an exception to required disclosure; or (3) merely duplicating his previous informal request.

Okwo clarified in a September 17, 2013 email that he was formally requesting the same information previously sought, so as to require the District Attorney to obtain a decision from the Attorney General as to whether the withheld information was excepted from disclosure. The District Attorney sought an

---

[5] Monday, September 2, 2013, was the Labor Day Holiday.

opinion from the Attorney General three days after receiving Okwo's clarification. Not counting the time it took Okwo to respond to the clarification request, the District Attorney requested an opinion from the Attorney General nine business days after receiving Okwo's written request.

A governmental body may ask a requestor to clarify a request made under the Public Information Act if the information requested is unclear to the governmental body. *See* Tex. Gov't Code Ann. § 552.222(b). When a governmental entity, acting in good faith, requests clarification or narrowing of an unclear or overbroad request for public information, the 10-day period to request an Attorney General opinion is measured from the date the request is clarified or narrowed. *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010).

When the District Attorney's Office initially provided certain documents in response to Okwo's oral request in March 2013, it declined to produce other documents about which Okwo had inquired. The District Attorney contended such items constituted prosecutorial work product. No further communication took place with Okwo until he submitted a written request for information in September 2013 that appeared to concern the same information the District Attorney had declined to produce more than five months earlier.

The District Attorney's Office called Okwo five business days after receiving his written request to obtain clarification of the request, but Okwo declined to provide clarification at that time. Accordingly, the District Attorney's Office sent Okwo a written request the next day for clarification pursuant to Texas Government Code section 552.222. Three days after receiving clarification from Okwo that the purpose of his written request was to formally request the information so as to invoke the application of the Public Information Act, the District Attorney's Office requested a decision from the Attorney General.

Based on this record, we conclude that the District Attorney acted in good faith when requesting clarification from Okwo regarding his request under the Public Information Act. The record establishes a legitimate uncertainty as to the information Okwo was requesting and whether the request merely duplicated his previous informal request. Moreover, the evidence does not indicate that the District Attorney was attempting to delay Okwo's request by seeking clarification. *See id.* at 387 (concluding request for clarification made in good faith where city promptly responded after receiving clarification and "[t]here [was] nothing to indicate that the City was attempting to drag out the process by its request for clarification").

The summary judgment evidence establishes that the request for clarification was made in good faith; therefore, the 10-day deadline for the District Attorney to seek an opinion from the Attorney General started to run from receipt of Okwo's clarification. *See id.* at 384. The District Attorney sought an opinion three days after receiving Okwo's clarification. Accordingly, the request to the Attorney General was timely, and the presumption that the information was subject to required public disclosure absent a compelling reason for nondisclosure did not arise. *See* Tex. Gov't Code Ann. § 552.302.

Okwo's third issue is overruled.

## II.  Applicability of Exception to Disclosure

In his second issue, Okwo appears to contend that the trial court erred by concluding, as the Texas Attorney General did, that the information withheld by the District Attorney was excepted from disclosure under the Public Information Act.[6]

---

[6] Okwo's issue is stated as follows: "Did the lower court correctly interpret and apply

11

The Attorney General issued its ruling on December 2, 2013, concluding that the withheld information was excepted from disclosure pursuant to Texas Government Code section 552.108(a)(4). This provision excepts from disclosure information held by a prosecutor dealing with the detection, investigation, or prosecution of a crime if the information "is prepared by an attorney representing the state in anticipation of or in the course of preparing for criminal litigation" or "reflects the mental impressions or legal reasoning of an attorney representing the state." *See* Tex. Gov't Code Ann. § 552.108(a)(4) (Vernon 2012).

Okwo provides no argument or authority explaining why the information he sought should not fall within the prosecutorial work product exception to production. Nor does Okwo argue that the District Attorney failed to establish that the information fell within the exception. Instead, Okwo argues under this issue that the clarification request by the District Attorney was not made in good faith — an issue we have addressed above. Accordingly, Okwo has inadequately briefed the issue and presents nothing for our review. *See* Tex. R. App. P. 38.1(i) (requiring "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Priddy v. Rawson*, 282 S.W.3d 588, 596 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("Thus, even if appellants had presented sufficient evidence to the trial court to survive summary judgment, they have failed to adequately brief this issue on appeal and, in doing so, waived error.").

Okwo's second issue is overruled.

---

§552 Tex. Gov't Code to the facts of this case when it agreed with [the governmental body's] claimed exceptions to the release of public information made on March 26, 2013 and March 29, 2013?"

## CONCLUSION

Having overruled all of Okwo's issues, we affirm the trial court's judgment.


/s/    William J. Boyce
          Justice


Panel consists of Chief Justice Frost and Justices Boyce and Wise.