Allan LESKINEN, Appellant,

v.

Billy W. BURFORD and Beverly
J. Burford, Appellees.

No. C14–93–01050–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 8, 1994.

Thomas R. Steinmeyer, Houston, for appellant.

Tom M. White, Houston, for appellees.

Before ROBERTSON, CANNON and
DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Allan Leskinen appeals the judgment of
the county civil court that he withheld a
security deposit in bad faith and in violation
of the Texas Property Code. Leskinen
brings three points of error. The first two
points attack admission of an unsigned copy
of the rental contract into evidence, and the
third point challenges the factual sufficiency
of the evidence. We reverse and remand.

Appellees Billy and Beverly Burford (Bur-
fords) rented a home from Leskinen on or
about September 1, 1988. The Burfords
rented the premises until July 31, 1991, when
they vacated. A dispute then arose between
the Burfords and Leskinen regarding the
refund of a $795.00 security deposit. The
Burfords claim Leskinen wrongfully withheld
the deposit by failing to refund it and/or

failing to provide a written description and itemization of deductions on or before the thirtieth day after the day the Burfords surrendered the property. It is undisputed, however, that a written itemization was mailed to the Burfords on or about September 5, 1991. This is 35 days after the Burfords surrendered the premises.

The Burfords sued in county civil court to recover the security deposit. Trial was to the bench. The court made a specific finding that Leskinen withheld the security deposit in bad faith. It entered judgment for the plaintiff.

■ Leskinen's first two points of error attack the admissibility into evidence of an unsigned copy of the rental contract. Summing up his argument under these points, Leskinen prays,

> [b]ecause it was necessary for Appellees to prove up the existence of a contract before they could recover under such contract, and a copy of the contract was erroneously admitted into evidence by the trial court, Appellant prays this Court reverse the judgment of the trial court and render judgment that Appellees take nothing.

We find admission of the lease agreement is irrelevant to our disposition of this appeal. Leskinen admitted he rented the residence to the Burfords for about three years. Leskinen also testified about specific provisions of the agreement between himself and the Burfords. Both parties admit the Burfords gave a $795.00 security deposit to Leskinen. This was sufficient to establish that such an agreement existed and that Leskinen was required to comply with the provisions of TEX.PROP. CODE ANN. §§ 92.103, 92.104 (Vernon 1984). Those sections, of course, deal with the duty of a landlord to refund a security deposit within 30 days of termination of the lease, or to provide a written itemization of deductions within the same time period. With this in mind, we hold admission of the duplicate copy into evidence was irrelevant. We over-

rule Leskinen's first and second points of error.

■ In his final point of error, Leskinen argues the evidence is insufficient to support a finding that he acted in bad faith by not returning the deposit. In this respect, we agree. In *Wilson v. O'Connor*, the Dallas court of appeals held mere retention of the deposit beyond 30 days or failure to furnish the itemized list within 30 days, even though intentional, does not establish the landlord's dishonest intention as a matter of law. 555 S.W.2d 776, 780 (Tex.Civ.App.—Dallas 1977, writ dism'd). The court concluded "bad faith" implies an intention to deprive the tenant of the refund lawfully due. *Id.* In this context, the landlord must know or have reason to believe he is not entitled to retain the deposit to recover reasonable charges and damages for which the tenant is liable.

■ Where a landlord fails to return a deposit or provide the required written itemization within 30 days, the Property Code creates a presumption the landlord acted in bad faith. TEX.PROP.CODE ANN. § 92.109(d) (Vernon 1984).[1] However, evidence a landlord did not know or have reason to believe he was not entitled to retain a security deposit to recover reasonable charges or damages is sufficient to rebut the presumption created by the Property Code. Leskinen offered the following evidence to rebut the presumption that his failure to return the deposit or provide the written itemization was in bad faith:

1. Leskinen testified he was an amateur lessor and did not know about the statutory requirement. He is a marine engineering and naval architect consultant.
2. Leskinen testified (a) there was damage to a hot tub heater for $364.26; (b) part of a kitchen cabinet moulding had been unevenly sawed through by the Burfords to make room for their refrigerator; (c) the 7–year old dishwasher had a hole rusted through its

---

1. The revisor's notes to section 92.108 states that a presumption "is a rule of law by which finding a basic fact gives rise to the existence of a presumed fact until the presumption is rebutted." TEX.PROP.CODE ANN. § 92.108 (Vernon 1984) (Re-

visor's Note). The revisor's note to section 92.109 cross references the previous section's note. TEX.PROP.CODE ANN. § 92.109 (Vernon 1984) (Revisor's Note).

front door and the plastic dish and glass trays were broken; (d) the microwave was broken; (e) the carpet had black heel marks and makeup on it; and (f) a dog had worn the carpet down to the pads by continually walking back and forth between two windows.[2]

3. Leskinen explained he made many of the repairs himself so he could reduce the costs of those repairs as much as possible.

4. Leskinen testified he mailed an itemization to Burford on September 5, 1991; Burford averred he received the letter on the 19th. In the letter, Leskinen details damage to the hot tub heater and carpet. He offered to refund only $200.00 of the Burfords' money to cover these expenses. He also stated, "I could add these and the remaining costs to get the hot tub back in working order up [sic] and make a case to the effect that you are not entitled to any return deposit. . . . I think that after paying out $4,500.00 for carpet, you are stretching the limits of good will by being so horsey about this deposit."

Mr. Burford testified he spoke with Leskinen on two occasions after they surrendered the premises. Regarding the first time Burford spoke with Leskinen, Burford said,

There was a concern regarding the nonworking spa in the—that was part of the residence and he had indicated that there would be—he didn't have a chance to total up those figures but basically, he did not indicate that there would be a problem with the return of the deposit.

Regarding the second occasion, Burford testified he spoke with Leskinen on the 30th of August, and at that time Leskinen stated he "couldn't understand why I was acting like a horse's butt for asking for the deposit back." Burford also said Leskinen indicated to him there were still some repairs that needed to be done to the spa and he felt that because of the other expenses he had encountered in

making the property habitable for new tenants, that Burford was not entitled to a refund.

The evidence demonstrates there was some dispute between Leskinen and the Burfords regarding the amount of damages, and the amount of money to be deducted from the deposit. None of the testimony, however, demonstrates Leskinen knew or had reason to believe he was not entitled to retain the deposit to recover reasonable charges and damages for which the tenant was liable. In fact, it shows the opposite: Leskinen apparently believed he had some right to retain a portion or all of the deposit to cover his damages. Leskinen's statement he was an inexperienced lessor, and that he attempted to do many of the repairs himself to save money, supports this conclusion.

■ We presume Leskinen's challenge to the sufficiency of the evidence is a challenge to the factual sufficiency. To review a challenge to the factual sufficiency, this court must first consider, weigh, and examine all of the evidence which supports and which is contrary to the verdict. *Plas–Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *Stern v. State ex rel. Ansel*, 869 S.W.2d 614, 619 (Tex.App.—Houston [14th Dist.] 1994, writ denied). This court may set aside the verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong, or if the evidence standing alone is too weak to support the finding. *Stern*, 869 S.W.2d at 619.

Evidence favoring the verdict is as follows:

1. Leskinen's failure to refund the money, or provide a written itemization within 30 days, giving rise to a presumption he acted in bad faith.

2. Leskinen's statements that he couldn't understand why Burford was being so "horsey" about the refund.

Evidence that does not favor the verdict is as follows:

1. Leskinen's status as an amateur lessor.

---

2. The trial court determined most of these damages to be normal wear and tear for which a landlord may not retain any portion of a security

deposit. Tex.Prop.Code Ann. § 92.104(b) (Vernon 1984).

2. Extensive damage to the residence.

3. Leskinen's attempts to do many of the repairs himself to save money.

4. Leskinen's mailing of the written itemization 5 days after the deadline passed, and Burford's receipt of that itemization.

5. The offer to refund $200.00, with the remainder going to cover repair expenses.

Leskinen's evidence clearly rebuts the presumption he acted in bad faith. It shows he believed he was entitled to retain some portion or all of the deposit to recover reasonable charges and damages for which he believed the Burfords were liable. There is no evidence, other than the presumption, to show he intended to unlawfully deprive the Burfords of their deposit. In light of the above, we hold the verdict is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Consequently, we sustain Leskinen's third point of error. We reverse the judgment and remand this case to the trial court for further proceedings. We further order appellees to bear the costs of this appeal.