**Robert LETT, Appellant,**

v.

**KLEIN INDEPENDENT SCHOOL DISTRICT and Dr. Donald R. Collins, Appellees.**

No. 14–94–01108–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 22, 1996.

Rehearing Overruled March 28, 1996.

Robert L. Wiley, Houston, Karen L. Fannin, Houston, for appellant.

David M. Feldman, Houston, Ivan J. Mlachak, Houston, Richard A. Morris, Houston, for appellees.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

**OPINION**

AMIDEI, Justice.

This is an appeal of a summary judgment granted in favor of appellees, Klein Independent School District ("KISD") and Dr. Donald R. Collins. Appellant, Robert Lett, was named as the defendant in a suit for declaratory judgment brought by appellees to inter-

pret TEX.GOV'T CODE ANN. § 552.111 (Vernon 1988), known as the "deliberative process exception" to the Texas Open Records Act ("ORA"). TEX.GOV'T CODE ANN. 552.001, *et seq.* (Vernon 1988). The plaintiffs' original petition also alleged that the suit was being brought under Article I of the Texas Constitution since the interpretation by the Texas Attorney General of certain of appellees' school documents constituted an invasion of privacy. Appellant's two points of error are: (1) the trial court erred in permitting KISD to withhold disclosure of publicly available documents through the deliberative process exception in the ORA; (2) the trial court erred in failing to sever, for disclosure, portions of the documents at issue that contain only factual material. We reverse the judgment of the trial court and render judgment for the appellant, Robert Lett.

Appellant is the father of Crystal Lett who was a student at Doerr Intermediate School, a school within the KISD. Dr. Donald R. Collins was the custodian of public records for KISD. On or about September 19, 1993, appellant made a written request for information from Dr. Collins pursuant to ORA. This request arose out of appellant's dissatisfaction with a low conduct grade Crystal received from her choir teacher. Appellant specifically requested copies of any and all documents, memoranda, investigative notes, and statements prepared by named school personnel during the period beginning September 1, 1992 through and including September 13, 1993, which in anyway pertained to his complaint about Crystal's low grade. On September 29, 1993, KISD requested an attorney general ruling regarding release of the requested information to appellant. In OR93–688, the attorney general listed sixty-four pages of documents he found to be subject to disclosure as public information under ORA. OP.TEX.ATT'Y GEN. No. OR93–688 (1993). The documents are notes, letters, and summaries of conversations between KISD personnel concerning appellant's complaint against the KISD choir teacher who gave Crystal a low grade. KISD had claimed that under TEX.GOV'T CODE ANN. 552.111 (Vernon 1988), the requested information constituted intra-agency memoranda or letters that would not be available to a party in litigation with the agency. The letter ruling, OR93–688, cited Attorney General Open Records Decision No. 615 (1993) as controlling. That decision (ORD–615) held that Section 552.111 (the deliberative process exception) excepts only those internal communications consisting of advice, recommendations, opinions and other material reflecting the policymaking processes of the governmental body at issue. The letter ruling OR93–688 further held:

> An agency's policymaking functions, however, do not encompass internal administrative or personnel matters; disclosure of information relating to such matters will not inhibit free discussion among agency personnel as policy issues. As the requested information relates to a personnel matter, i.e., a complaint about a teacher's disciplinary methods, we conclude that Sec. 552.111 does not except it from required public disclosure.

KISD and Dr. Collins filed suit against appellant asking for a declaratory judgment to the effect that the interpretation of the Open Records Act set forth in OR93–688 is incorrect and that the documents sought by appellant are not subject to disclosure pursuant to section 552.111 and/or Article I, § 1, et seq. of the Texas Constitution, concerning the protection of the right of personal privacy against unreasonable intrusion.

Appellees filed their motion for summary judgment, which the court granted after examining the questioned documents in camera.

The summary judgment described the sixty-four pages of documents as "memoranda, notes, opinions, recommendations, and advice incident to KISD's investigation." After finding that the documents were subject to discovery by law in litigation, the judgment stated that "this alone does not preclude exemption of the requested documents" and concludes that "the documents requested are exempt from publication pursuant to the deliberative process privilege incorporated into § 552.111 of the ORA." The court based this decision on its finding that "the factual information derived from numerous meetings and phone conversations among school personnel

and between Mr. Lett and various school officials are so inextricably intertwined with the opinions and decision making processes as to exempt them from disclosure," citing *Soucie v. David,* 448 F.2d 1067 (D.C.Cir. 1971).

We have reviewed the documents in question and we find that they are not exempt from disclosure under Section 552.111, Texas Government Code, as being predecisional, intra-agency memoranda related to a deliberative or policymaking function. We find that such documents merely implement existing policy and do not relate to the making of any new policy. Section 552.111, of the Texas Government Code states:

> An interagency or intraagency memorandum or letter that would not be available by law to a party in litigation with the agency is excepted from the requirements of Section 552.021.

Section 552.021 provides, in pertinent part:

> (a) Information is public information if, under a law or ordinance or in connection with the transaction of official business, it is collected, assembled, or maintained:
>
> (1) by a governmental body ...

Section 552.111 (formerly Exemption 11, Article 6252–17a, 3(a)(11), V.A.C.S.) exempts from public disclosure "interagency or intraagency" memoranda that would not be discoverable by law in litigation under Rule 166b, Texas Rules of Civil Procedure. "This exemption is intended to protect advice and opinions on policy matters and to encourage frank and open discussion with the agency in connection with its decision-making processes." *Texas Dept. of Pub. Safety v. Gilbreath,* 842 S.W.2d 408, 412 (Tex.App.—Austin 1992, no writ) (*citing Austin v. City of San Antonio,* 630 S.W.2d 391, 393 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.)). The *Gilbreath* court noted that the exception is "not an absolute shield" and is to be construed in the light of the act's mandate that information regarding the affairs of government and the official acts of those who serve the public be freely available to all. *Gilbreath,* 842 S.W.2d at 412.

In *Gilbreath,* an applicant for a position of Texas Ranger sought a writ of mandamus under the ORA to compel the Department of Public Safety (DPS) to disclose all documents pertaining to his application, testing, interview, and consideration for selection, including the subjective, narrative evaluations made specifically as a result of the applicant's oral interview. The attorney general had issued a ruling to the DPS advising them that the background evaluations and subjective evaluations of an applicant's performance before an interview board were exempt from disclosure under Exemption 11 of the act (now, Section 552.111, Texas Government Code). The trial court issued mandamus in favor of the applicant ordering the DPS to disclose the withheld information and DPS appealed. The court of appeals noted that Exemption 11 (now, Section 552.111) is modeled after section 552(b)(5) ("Exemption 5") of the federal Freedom of Information Act which protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1988). The *Gilbreath* court stated:

> Federal Exemption 5 contemplates that public access to inter-agency and intra-agency memoranda and letters will be governed by "the same flexible, common-sense approach" that governs discovery of such documents by private parties involved in litigation with governmental bodies. *Environment[al] Protection Agency v. Mink,* 410 U.S. 73, 85–86, 93 S.Ct. 827, 835, 35 L.Ed.2d 119 (1973). The United States Supreme Court has described the interrelationship between the federal exemption and the civil discovery process as follows: Since virtually any document not privileged may be discovered by the appropriate litigant, if it is relevant to his litigation, and since the [Freedom of Information] Act clearly intended to give any member of the public as much right to disclosure as one with a special interest therein [citations omitted], it is reasonable to construe Exemption 5 to exempt those documents, and only those documents, normally privileged in the civil discovery context. *National Labor Relations Bd. v. Sears Roe-*

*buck, Inc.,* 421 U.S. 132, 149, 95 S.Ct. 1504, 1515, 44 L.Ed.2d 29 (1979) [1975] (emphasis added).

*Gilbreath,* 842 S.W.2d at 412–13.

The *Gilbreath* court concluded:

The parties stipulated that, if they were in litigation, the information at issue would be discoverable. By so stipulating, the DPS has admitted that there is no privilege, including a deliberative process privilege, which protects the information from discovery. In other words, these inter-agency or intra-agency memorandums or letters would be available by law to a party in litigation with the agency. Thus, Exemption 11 [now, Section 552.111] does not apply, and this information is "public information" as a matter of law. Accordingly, it is subject to disclosure. The policy behind the Act, stated twice therein, that the statute should be "liberally construed" in favor of disclosure supports this conclusion.

*Gilbreath,* 842 S.W.2d at 413.

We agree with the holding in *Gilbreath.* In the instant case, the trial court found that the questioned documents were discoverable but exempt from disclosure under the exception. Having found that the documents are discoverable and do not concern policy-making, but only implement existing policy, we find that the documents are subject to disclosure. We sustain appellant's point of error number one.

Having sustained appellant's point of error number one, we find it unnecessary to rule on point of error number two.

The judgment of the trial court is reversed and rendered for appellant, Robert Lett, and he is entitled to disclosure of the questioned documents.