Richard J. GONZALEZ, Appellant,

v.

Mariagloria GONZALEZ, Appellee.

No. 04–99–00811–CV.

Court of Appeals of Texas,
San Antonio.

May 17, 2000.

Richard J. Gonzalez, Laredo, for appellant.

Maria Elena Morales, Shirley Hale Mathis, Law Offices of Shirley Hale Mathis, Laredo, for appellee.

Before STONE, DUNCAN, and ANGELINI, Justices.

**OPINION**

ANGELINI, Justice.

Richard J. Gonzalez appeals the trial court's entry of a divorce decree awarding custody of the couple's children to Mrs. Gonzalez. Mr. Gonzalez raises three issues on appeal. He contends that the trial court erred in appointing an attorney ad litem to represent the children without first conducting a hearing, that the trial court erred in denying his motion to dis-

---

qualify the attorney ad litem, and that the trial court erred in awarding attorney's fees to the attorney ad litem without submitting the issue to a jury. We affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

Richard Gonzalez filed a petition for divorce from his wife, Mariagloria Gonzalez, on October 20, 1998. Because the divorce would raise numerous issues involving the couple's three children, Mrs. Gonzalez filed a motion to appoint an attorney ad litem to represent the children. The motion was granted and Maria Elena Morales was appointed as the childrens' attorney ad litem.

On November 24, 1998, Mr. Gonzalez filed a motion to disqualify Morales alleging that she was both biased and unqualified. The trial court conducted a hearing, denied the motion to disqualify, and Morales continued to serve as attorney ad litem for the children during the divorce proceedings. The divorce was tried to a jury on January 11, 1999. On January 13, 1999, Morales filed a motion for payment of attorney ad litem fees in camera. She submitted an itemization of her fees and expenses along with her motion. Mr. Gonzalez filed an objection to her motion for payment in camera, insisting that the issue of attorney ad litem fees be submitted to the jury. The issue was not submitted to the jury and, on July 30, 1999, in the final decree of divorce the court awarded Morales $12,562.50 in attorney ad litem fees. Mr. and Mrs. Gonzalez were each ordered to pay one half of that amount.

### ARGUMENT AND AUTHORITY

■ In his first issue, Mr. Gonzalez contends that the trial court erred in appointing an attorney ad litem to represent the children without first conducting an evidentiary hearing to determine the necessity of such an appointment. Section 107.011(b) of the Texas Family Code provides that the trial court "shall appoint an attorney ad litem for any party in a case in which the court deems representation nec-

essary to protect the interests of the child who is the subject matter of the suit." TEX.FAM.CODE ANN. § 107.011(b) (Vernon 1996).

Mr. Gonzalez argues that section 107.011(b) does not authorize the trial court to deem an attorney ad litem necessary without first conducting an evidentiary hearing. According to Mr. Gonzalez, he should have been allowed an opportunity to be heard regarding the appointment of an attorney ad litem because such an appointment resulted in an additional expense of litigation for him. Mr. Gonzalez's argument is unfounded. While section 107.011(b) does not specifically authorize the trial court to appoint an attorney ad litem without a hearing, it certainly does not require the trial court to conduct a hearing. We have been unable to locate a single case, published or unpublished, interpreting section 107.011(b) to require an evidentiary hearing before an attorney ad litem can be appointed.

Following the rules of strict statutory construction, we must assume that if a hearing was necessary under section 107.011(b) to protect the interests of the parties, the family code would have required it. As the language of the statute suggests, the Legislature was concerned more with the interest of the children made the subject matter of lawsuits than with the financial interests of the parties to those lawsuits. *See id.* We therefore decline Mr. Gonzalez's invitation to place a restriction on a statute when that restriction could have been but was not put in place by the Legislature. Mr. Gonzalez's first issue is overruled.

■ In his second issue, Mr. Gonzalez complains that the trial court erred in denying his motion to disqualify the attorney ad litem. Section 107.006(c) of the Texas Family Code permits the removal of an attorney ad litem and provides that:

[a] party to a proceeding in which a person is appointed as a guardian ad litem or an attorney ad litem may object

to appointment of the person at any time before the date of the trial of the proceeding. A party may object under this subsection by filing a written motion stating the grounds and facts on which the party believes that the person appointed lacks objectivity or is failing to fulfill the person's responsibilities as an ad litem as outlined in the written statement of ad litem responsibilities. The court shall promptly rule on an objection raised under this subsection and shall order the removal of the guardian ad litem or attorney ad litem if the court finds that the objection is justifiable. TEX.FAM.CODE ANN. § 107.006(c) (Vernon Supp.2000). While section 107.006(c) authorizes an ad litem's removal, it also makes clear that such removal is strictly within the discretion of the trial court. Accordingly, we review the trial court's denial of a motion to disqualify for abuse of discretion.

The trial court conducted a hearing on the motion, at which time Ms. Morales, the attorney ad litem, was questioned extensively by Mr. Gonzalez's attorney. Although Mr. Gonzalez alleged that Morales was biased against him, there was no evidence of such bias presented. Mr. Gonzalez's attorney attempted to show the alleged bias by eliciting testimony that Morales had not interviewed Mr. Gonzalez while she had interviewed Mrs. Gonzalez. Morales acknowledged this fact but testified further that she had conducted the interview of Mrs. Gonzalez in the presence of her attorney and she preferred to interview Mr. Gonzalez under those same terms. She stated that Mr. Gonzalez had initially refused such terms, and, when Morales attempted to interview Mr. Gonzalez later, his attorney instructed him not to talk to her.

The remainder of Mr. Gonzalez's examination of Ms. Morales centered around whether she was aware of and whether she approved of some of the actions taken by Mrs. Gonzalez with respect to the children. In essence, Morales stated that she did not approve of the children missing school, that one of the children made disparaging comments about Mr. Gonzalez to her over the telephone, and that she was aware that Mrs. Gonzalez had filed a protective order against Mr. Gonzalez. None of these facts speaks to Ms. Morales's fitness to represent the children as an attorney ad litem and none of these facts reveals bias. Under these circumstances, we cannot say that the trial court abused its discretion in denying Mr. Gonzalez's motion to disqualify. Mr. Gonzalez's second issue is overruled.

■ In his third issue, Mr. Gonzalez contends that the trial court erred in awarding attorney ad litem fees without submitting the issue to the jury. In making this argument, Mr. Gonzalez relies on *City of Garland v. Dallas Morning News,* 969 S.W.2d 548 (Tex.App.—Dallas 1998). In that case, the court held that a question regarding the amount of attorney's fees should have been submitted to a jury. *See id.* at 558–560. In making this determination, the court analyzed the applicable statute authorizing attorney's fees in that particular suit. The statute provided that "the court may assess costs of litigation and reasonable attorney fees incurred by a plaintiff or defendant who substantially prevails." *See id.* at 558. The court compared this language to similar language in other statutes and concluded that the statute should be read to place only the responsibility for determining whether to award attorney's fees on the trial court and that the amount of those fees should be determined by the trier of fact. *See id.* at 559.

The court bolstered its holding by distinguishing the language of the statute at issue in that case with that of other statutes which specifically provided that the trial court would both assess and determine the amount of attorney's fees. *See id.* at 569–560. The language of the statute authorizing attorney ad litem fees in the present case is similarly distinguishable from the language of the statute in

*City of Garland.* Section 107.015(a) of the Texas Family Code provides that "an attorney appointed to represent a child or parent as authorized by this subchapter is entitled to a reasonable fee and expenses *in the amount set by the court* to be paid by the parents of the child...." TEX.FAM. CODE ANN. § 107.015(a) (Vernon Supp. 2000) (emphasis provided).

Because the statute expressly provides that the trial court shall set the amount of attorney ad litem fees, the trial court did not err in refusing to submit the issue of ad litem fees to the jury. *See City of Garland,* 969 at 560. Mr. Gonzalez's third point of error is overruled and the judgment of the trial court is affirmed.